**Opinion filed November 13, 2008**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00107-CR

_____

## DAVID BRIAN NOACK, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Montgomery County, Texas**
**Trial Court Cause No. 06-213870-01**

## M E M O R A N D U M   O P I N I O N

The trial court convicted David Brian Noack of misdemeanor driving while intoxicated and assessed his punishment at six months confinement in the Montgomery County Jail and a $500 fine. The trial court suspended the imposition of the confinement portion of his sentence and placed him on community supervision for one year. We affirm.

### I. *Background Facts*

DPS Trooper William R. Frederick was on patrol when he observed Noack drive a motorcycle onto the shoulder of the road twice over a one-half mile stretch of highway. Trooper Frederick stopped Noack for driving on an improved shoulder. Noack told him that he had crossed the fog line because he was talking to his passenger and was not paying attention. Trooper Frederick noticed that Noack's eyes were red and glassy, that he had an odor of alcohol on

his breath, and that his speech was slurred. He administered two field sobriety tests, and when these indicated that Noack was intoxicated, he placed him under arrest for driving while intoxicated.

## II. *Issues*

Noack challenges his conviction with one issue, contending that the trial court erred by denying his suppression motion.

## III. *Discussion*

Noack filed a pretrial motion to suppress, challenging the legality of his stop. Because there was no jury, the parties agreed to present that issue to the court as part of the trial. The State called Trooper Frederick as its sole witness. Following his testimony, the trial court denied Noack's motion.

### A. Standard of Review.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Neither party requested findings of fact, and the trial court did not make any express findings. Consequently, we will imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports these implied fact findings. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006). We will uphold the trial court's ruling on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Myers v. State*, 203 S.W.3d 873, 879 (Tex. App.—Eastland 2006, pet. ref'd).

### B. Analysis.

Noack contends that the State was required to establish probable cause for his stop and describes the issue before this court as "whether moving safely over the fog line, under the circumstances of this case as shown by the evidence admitted, was a violation of the law to support probable cause." We disagree with Noack's characterization of the issue. A police officer need not have probable cause before making a traffic stop. An officer can lawfully detain an individual when

2

he has a *reasonable suspicion* to believe that the individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Id.*

It is generally illegal to drive on an improved shoulder. However, TEX. TRANSP. CODE ANN. § 545.058(a) (Vernon 1999) provides:

> An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> > (1) to stop, stand, or park;
> > (2) to accelerate before entering the main traveled lane of traffic;
> > (3) to decelerate before making a right turn;
> > (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
> > (5) to allow another vehicle traveling faster to pass;
> > (6) as permitted or required by an official traffic-control device; or
> > (7) to avoid a collision.

Trooper Frederick testified that Noack's motorcycle crossed the fog line onto the improved shoulder twice and that none of Section 545.058(a)'s exceptions applied. This would appear sufficient to justify the stop; however, Noack contends that Section 545.058(a) is inapplicable because the controlling statute is TEX. TRANSP. CODE ANN. § 545.060 (Vernon 1999)[1] and, alternatively, that the stop was unjustified because Trooper Frederick did not testify that Noack's actions were unsafe.

The possibility that Noack's actions might implicate more than one code provision does not impact our analysis. The State, rather than Noack, chooses the statute on which it intends to rely to justify a stop. Once it makes that determination, the State then has the burden of establishing a reasonable suspicion that this statute had been violated. Our inquiry, consequently, considers Section 545.058(a). Noack's alternative argument misconstrues Section 545.058(a)'s language.

---

[1]This statute requires a driver to drive as nearly as practical entirely within a single lane and to avoid moving into another lane unless it can be done safely.

3

The State need not establish that Noack was driving unsafely. If none of the statutory exceptions allowing a driver to drive on the shoulder apply, it is immaterial whether Noack was driving safely.

Noack next directs us to his trial testimony that he pulled over onto the shoulder to allow an approaching car to pass. This is authorized by Section 545.058(a), but whether that is what occurred was disputed at trial. Trooper Frederick testified that Noack was not moving over to allow anyone to pass and that this is not what Noack said at the scene. We are not allowed to engage in a factual review but must give almost total deference to the trial court's resolution of disputed questions of fact. *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). The trial court could find Trooper Frederick's testimony more credible. If so, the record sufficiently establishes that he had a reasonable suspicion that Noack had violated Section 545.058(a). Thus, the court did not abuse its discretion by denying the motion to suppress.[2]

The trial court's ruling can also be justified by the evidence of intoxication. Trooper Frederick testified that it appeared Noack might be having difficulty keeping his motorcycle in the lane of traffic. Noack was in the center of the travel lane before he swerved over and went completely across the fog line, swerved back, and then did it again less than one-half mile later. Trooper Frederick testified that driving on an improved shoulder is a typical symptom of an intoxicated driver and that he suspected Noack might be intoxicated.

Because the record supports a determination that Trooper Frederick had a reasonable suspicion that Noack was violating the law, he was authorized to detain him, and Noack's issue is overruled.

## IV. *Holding*

The judgment of the trial court is affirmed.

November 13, 2008                                              RICK STRANGE

Do not publish. *See* TEX. R. APP. P. 47.2(b).                 JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]Noack argues that motorcycle drivers are being treated differently than automobile drivers because, if he had been driving a car and if only two wheels had crossed the fog line, the trial court would have been more likely to grant his motion to suppress. Noack concludes, therefore, that he is being deprived of equal protection and due process. This argument was not presented to the trial court and is not preserved for our review. *See Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (constitutional error not presented to the trial court may not be raised on appeal).